UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

Barbara Barghahn
16263 County 24               Case No:   17-CV-703
Caledonia, MN 55921,

    Plaintiff,
vs.

Stein Counseling and Counseling Services, Ltd.
571 Braund Street
Onalaska, WI 54650,

and

Theodore J. Stein
W3813 Southern Drive
West Salem, WI 54669,

    Defendants.
_____

**COMPLAINT**
_____

   Plaintiff Barbara Barghahn, by and through her attorneys, Moen Sheehan Meyer, Ltd., for her Complaint to the Court, pleads as follows:

   1.   That this is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., ("FLSA") and Wisconsin State laws to collect back wages as Defendants' employee.

   2.   That this Court has original jurisdiction of the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. That this Court has supplemental jurisdiction over the Wisconsin law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal law claims that they form part of the same case or controversy.

4. That pursuant to 28 U.S.C. § 1391(b) and (c), venue is appropriate, and this Court has personal jurisdiction because (1) a substantial part of the events or omissions giving rise to these claims occurred within this judicial district; (2) all Defendants reside within this judicial district; and (3) all Defendants regularly conduct business within the judicial district.

## PARTIES

5. That the Plaintiff is an adult resident of the State of Minnesota, residing at 16263 County 24, Caledonia, MN 55921.

6. That the Defendant, Stein Counseling and Counseling Services, Ltd. is a Wisconsin corporation with its principal place of business and registered agent located at 571 Braund Street, Onalaska, WI 54650.

7. That Defendant Theodore J. Stein is an adult resident of the State of Wisconsin, residing at W3813 Southern Drive, West Salem, WI 54669.

8. Each Defendant (collectively "Defendants") is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s), and Wisconsin Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

## FACTUAL ALLEGATIONS

9. Defendants are in the business of providing counseling services to children and adults at their offices in Onalaska, Wisconsin and Black River Falls, Wisconsin.

10. On or about November 9, 2015, Defendants hired Plaintiff to work at Stein Counseling and Counseling Services, Ltd. ("Stein Counseling") as a counselor.

11. At the time she was hired, the Plaintiff held a master's degree in mental health counseling.

12. At the time she was hired, Plaintiff held a Training License as a Professional Counselor pursuant to Wis. Admin. Code § MPSW 12.01.

13. Pursuant to § MPSW 12.01(2), in order to become a fully licensed Professional Counselor, Plaintiff needed to complete, within two years, 3,000 hours of practice supervised by a qualified individual under § MPSW 12.02(2).

14. In addition to any monetary compensation, and in exchange for the Plaintiff's work, Defendants agreed to supervise the Plaintiff's practice at Stein Counseling to fulfill the requirements of § MPSW 2.01(2).

15. The Plaintiff relied on the Defendants' promise to serve as her supervisor, and would not have agreed to work at Stein Counseling without receiving the Defendants' commitment to serve as her supervisor.

16. Defendants initially hired Plaintiff on a salary basis, but on April 1, 2017 changed the Plaintiff's pay status to hourly at $19.94/hour.

17. On April 23, 2017, the Plaintiff resigned her position at Stein Counseling.

18. Plaintiff's last day of work at Stein Counseling was April 21, 2017.

19. To date, Defendants have refused to provide the Plaintiff her full paycheck for hours worked in the pay period ending April 15, 2017.

20. To date, Defendants have refused to provide Plaintiff her full paycheck for hours worked in her last pay period ending April 30, 2017.

21. To date, Defendants have refused to complete and submit to the Wisconsin Department of Safety and Professional Services a Supervisor's Affidavit confirming the Plaintiff's supervisory hours, despite the fact the Plaintiff completed those supervisory hours with the Defendants.

22. Stein Counseling maintains an internal policy stating it may withhold its employees' wages upon termination of employment unless and until all files and outstanding tasks are completed by the employee to the Defendants' satisfaction with no additional pay.  A copy of said policy is attached hereto as **Exhibit A**.

23. Defendants assert that under said policy, Defendants are entitled to withhold Plaintiff's pay until Plaintiff performs certain tasks for the Defendants with no additional pay.

24. Defendants further contend they are entitled to make a $2,175.00 deduction from Plaintiff's wages to cover the Defendants' cost of continuing education and training for the Plaintiff.

25. Defendants have not paid $2,175.00 for the Plaintiff's continuing education and training, however.

26. Furthermore, Defendants do not have an agreement with the Plaintiff to make deductions from her wages for the cost of continuing education and training.

## COUNT 1
## FAILURE TO PAY MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT

27. Plaintiff realleges and incorporates the proceeding paragraphs to this Complaint as if fully set forth herein.

28. Defendants have failed to pay Plaintiff for her work performed at Stein Counseling during the pay period ending April 15, 2017.

29. Defendants have failed to pay Plaintiff for her work performed at Stein Counseling during the pay period ending April 30, 2017.

30. By refusing to pay Plaintiff for her hours worked at Stein Counseling as described above, Defendants have failed to pay Plaintiff a federal minimum wage for those hours in violation of 29 U.S.C. § 206(a).

## COUNT 2
## FAILURE TO PAY MINIMUM WAGE UNDER WISCONSIN LAW
## WIS. STAT. § 109.03(5)

31. Plaintiff realleges and incorporates the proceeding paragraphs to this Complaint as if fully set forth herein.

32. Defendants have failed to pay Plaintiff for her work performed at Stein Counseling during the pay period ending April 15, 2017.

33. Defendants have failed to pay Plaintiff for her work performed at Stein Counseling during the pay period ending April 30, 2017.

34. By refusing to pay Plaintiff for her hours worked at Stein Counseling as described above, Defendants have failed to pay Plaintiff a state minimum wage for those hours in violation of Wis. Stat. § 104.035 and Wis. Admin. Code § DWD 272.03.

## COUNT 3
## VIOLATION OF WIS. STAT. § 109.03(2)

35. Plaintiff realleges and incorporates the proceeding paragraphs to this Complaint as if fully set forth herein.

36. Defendants have refused to pay Plaintiff her final paycheck on the next scheduled payroll date, requiring instead that Plaintiff perform unpaid work for the

Defendants as a condition of said payment, and threatening to make unagreed upon deductions from her pay.

37. By refusing to pay Plaintiff her final paycheck in this manner, Defendants violated Wis. Stat. § 109.03(2).

## COUNT 4
## BREACH OF CONTRACT

38. Plaintiff realleges and incorporates the proceeding paragraphs, as if fully set forth herein.

39. The parties entered into a contract whereby Defendants agreed to supervise Plaintiff's practice hours under § MPSW 12.01(2), and to perform all the tasks necessary as her supervisor, if the Plaintiff agreed to work at Stein Counseling.

40. Defendants breached the parties' agreement by refusing to complete and submit a Supervisor's Affidavit to the Wisconsin Department of Safety and Professional Services to confirm the Plaintiff's supervised hours.

41. The Defendants breach has caused the Plaintiff to suffer damages.

## COUNT 5
## PROMISSORY ESTOPPEL (ALTERNATIVELY)

42. Plaintiff realleges and incorporates the proceeding paragraphs, as if fully set forth herein.

43. Defendants promised to serve as Plaintiff's supervisor under § MPSW 12.01(2), and to perform all the tasks necessary as her supervisor if the Plaintiff agreed to work at Stein Counseling.

44. Defendants' promise was a material inducement for the Plaintiff to enter into the employment relationship.

45. Defendants should have reasonably expected Plaintiff to rely on the promise.

46. Defendants failed to perform on their promise by refusing to complete and submit a Supervisor's Affidavit confirming the Plaintiff's completed supervisory hours.

47. Plaintiff relied on the Defendants' promise to her determent.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

a. Determine the Defendants violated the FLSA and Wisconsin law by failing to pay the Plaintiff a minimum wage for work performed at Stein Counseling;

b. Determine the Defendants violated Wis. Stat. § 109.03(2) by withholding the Plaintiff's last paycheck;

c. Determine the Defendants breached their contract with the Plaintiff to serve as her supervisor;

d. Determine the Defendants may not withhold amounts from the Plaintiff's wages for continuing education and training;

e. Award the Plaintiff all of her back wages;

f. Compel the Defendants to complete and submit the Supervisor's Affidavit to the Wisconsin Department of Safety and Professional Services;

g. Award the Plaintiff liquidated damages in an amount equal to the amount of her unpaid regular wages under 29 U.S.C. § 216(b);

h. Award the Plaintiff liquidated damages in an amount equal to 50% of the amount of her unpaid regular wages under Wis. Stat. § 109.11(2);

  i. Award the Plaintiff her costs and attorney's fees under 29 U.S.C. § 216(b) and Wis. Stat. § 109.11; and

  j. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P 38(a).

Dated this 14th day of September, 2017.

        **MOEN SHEEHAN MEYER, LTD.**

        /s/ Justin W. Peterson_____
        Justin W. Peterson (SBN 1087366)
        201 Main Street, Suite 700
        La Crosse, WI 54601
        (608) 784-8310